**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2451-17T2

CALEB LANG,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted February 25, 2019 – Decided March 19, 2019

Before Judges Gooden Brown and Rose.

On appeal from the New Jersey State Parole Board.

Caleb Lang, appellant, pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Caleb Lang, a State prison inmate, appeals from a December 20, 2017 final decision of the New Jersey State Parole Board (Board), denying his parole and establishing a twenty-month future eligibility term (FET). We affirm.

In 2006, Lang pled guilty to first-degree robbery, N.J.S.A. 2C:15-1, and an amended charge of fourth-degree attempted criminal sexual contact, N.J.S.A. 2C:5-1, 2C:14-2(c) and 2C:14-3(b). On July 24, 2006, Lang was sentenced to an aggregate twelve-year prison term, with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. He was also subject to a mandatory five-year period of parole supervision upon his release.

On October 23, 2015, Lang was released on parole, and was rearrested for a parole violation on August 4, 2016. On October 19, 2016, the Board revoked Lang's mandatory supervision status and established a twelve-month FET. Lang did not appeal that decision.

Lang next became eligible for parole on August 17, 2017. On June 30, 2017, a hearing officer conducted a hearing and referred the matter to a Board panel. On July 21, 2017, a two-member panel denied parole and established a twenty-month FET. Although the panel found seven mitigating factors, including the lack of infractions, participation in institutional and behavior-

specific programs, and a positive interview, the panel found several factors supporting its reasons for denial.

Among other things, the panel cited Lang's: offense of conviction, specifically, the "violent[] attack[ on the] victim, caus[ed] serious injuries"; extensive and repetitive prior record; commitment to incarceration for multiple offenses; violation while released on parole; prior incarceration did not deter criminal behavior; risk assessment evaluation; and insufficient problem resolution. In particular, the panel noted Lang denies the offense, minimizes his conduct, his substance abuse problem has not been sufficiently addressed, and he "denies the sexual nature of this crime and blames his addiction to mar[i]j[uana] for his problems. He minimizes his violent behavior in cutting his victim and needs to work on his addiction and criminal thinking."

Lang filed an appeal with the full Board. In a thorough written decision, the Board upheld the recommendation to deny parole and to impose a twenty-month FET. This appeal ensued.

On appeal, Lang raises the following points for our consideration:

POINT I

THE . . . BOARD ERRON[E]OUSLY RELIED ON N.J.A.C. 10[A]:71-3.21 WHEN DETERMINING THAT PETITIONER['S] 2006 FI[RS]T[-]DEGREE

3

ROB[B]ERY CONVICTION WARR[A]NTED AN INCREASE IN THE FET DATE.
(Not raised below)[1]

POINT II

THE . . . BOARD FAILED TO ADD THE ADDITIONAL FET DATE TO THE INITIAL TERM AND SHOULD MODIFY THE SECOND FET DATE TO COIN[C]IDE WITH THE STATUTE IT IMPOSED.
(Not raised below)

We have considered these contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed in the Board's comprehensive written decision, which "is supported by sufficient credible evidence on the record as a whole." R. 2:11-3(e)(1)(D). We add only the following comments.

We must accord considerable deference to the Board and its expertise in parole matters. Our review of a Parole Board's decision is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). "'Parole Board decisions are highly individualized discretionary appraisals,' and should only be reversed if found to be arbitrary or capricious." Id. at 179-80 (citations omitted)

---

[1] It appears petitioner presented this argument to the Board.

(quoting Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (Trantino VI)). We "must determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record." Id. at 179 (citing Trantino VI, 166 N.J. at 172). In making this determination, we "may not substitute [our] judgment for that of the agency, and an agency's exercise of its statutorily-delegated responsibilities is accorded a strong presumption of reasonableness." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002) (citation omitted). Accordingly, "[t]he burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant." Ibid.

Initially, we note Lang essentially challenges the Board's decision to revoke his mandatory parole supervision. As noted, however, Lang did not appeal the Board's October 19, 2016 final decision revoking his mandatory supervision status. Because the issue is not properly before us, and we lack jurisdiction to review it, we do not address it. See State v. Rambo, 401 N.J. Super. 506, 520 (App. Div. 2008) ("[I]t is a fundamental of appellate practice that we only have jurisdiction to review orders that have been appealed to us."); see also 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456,

459 (App. Div. 2004) ("[O]nly the judgment or orders designated in the notice of appeal . . . are subject to the appeal process and review . . . .").

Regarding the imposition of the FET, pursuant to N.J.A.C. 10A:71-3.21(a)(2), when a panel denies parole to an inmate serving a sentence for robbery, the standard FET is twenty-three months. However, pursuant to N.J.A.C. 10A:71-3.21(c), the standard FET "may be increased or decreased by up to nine months when, in the opinion of the Board panel, the severity of the crime for which the inmate was denied parole and the prior criminal record or other characteristics of the inmate warrant such adjustment." Here, the panel decreased the standard FET by three months. In so doing, the panel properly considered Lang's mitigating factors.

Applying our deferential standard of review, we find no basis in the record to disturb the Board's decision in this case. We are satisfied that the Board considered all the relevant material facts and had sufficient credible evidence before it to deny the parole request and impose the FET under the presumptive term. Moreover, the Board applied the correct legal standard in making its ultimate determination that the evidence gave rise to a reasonable expectation Lang would violate his parole if released at that time. N.J.S.A. 30:4-123.53(a).

Accordingly, we find the Board's decision was not arbitrary, capricious or unreasonable on the record presented.

To the extent not otherwise addressed, petitioner's remaining arguments lack sufficient merit to warrant discussion in a written opinion.    R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2451-17T2